6100.6160039/BGS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHNNY WEBBER and | ) |
| DEBORA WEBBER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )    CASE NO.  1:16-cv-1169-TWP-DML |
| ROGER BUTNER, | ) |
| | ) |
| Defendant. | ) |

<u>**MEMORANDUM IN SUPPORT OF DEFENDANT'S**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

COMES NOW the defendant, Roger Butner, by counsel, pursuant to Rule 56(C) of the

Federal Rules of Civil Procedure, and hereby submits its memorandum in support of its motion

for summary judgment.

6100.6160039/BGS

## TABLE OF CONTENTS

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.   SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.   STATEMENT OF MATERIAL FACTS NOT IN DISPUTE. . . . . . . . . . . . . . . . . . . . . 6

        A.   FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.   STANDARD APPLIED TO MOTION FOR SUMMARY JUDGMENT. . . . . . . . . . . . 7

IV.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        A.   PLAINTIFF CANNOT ESTABLISH A CLAIM FOR PREMISES LIABILITY
                AS A MATTER OF LAW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        B.   PLAINTIFF CANNOT ESTABLISH A CLAIM FOR COMMON LAW
                NEGLIGENCE AS A MATTER OF LAW. . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        C.   DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AGAINST
                DEBORA WEBBER AS PLAINTIFF BRINGS ONLY A DERIVATIVE CLAIM
                TO THOSE OF JOHNNY WEBBER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATION OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

6100.6160039/BGS

## STATEMENT OF THE ISSUES

Whether defendant is entitled to summary judgment due to the fact that the danger was known and obvious to the plaintiff.

Whether defendant is entitled to summary judgment based on the fact that defendant did not breach a duty or proximately cause plaintiff's injuries as it was not possible for defendant to perform the duty that he was alleged to owe the plaintiff.

6100.6160039/BGS

## TABLE OF AUTHORITIES

**Cases**

Celotex Corp. v. Catrett, 477 U.S. 317 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Collier v. Budd Co., 66 F.3d 886 (7th Cir.1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). . . . . . . . . . . . . . . . . . 9

Richards v. Combined Ins. Co. of Am., 55 F.3d 247 (7th Cir.1995). . . . . . . . . . . . . . . . . . . . . 9

Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988). . . . . . . . . . . . . . . . . . . . . . 9

Zawistoski v. Gene B. Glick Co., Inc., 727 N.E.2d 790 (Ind. Ct. App. 2000). . . . . . . . . . . . . . . 9

Ward v. First Indiana Plaza Joint Venture, 725 N.E.2d 134 (Ind. Ct. App. 2000). . . . . . . . . . . . 9

Lenhardt Tool & Die Co. Inc. v. Lumpe, 722 N.E.2d 824 (Ind. 2000) . . . . . . . . . . . . . . . . . . . . 9

Miller v. Monsanto Co., 626 N.E.2d 538 (Ind. Ct. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . . 10

Midwest Commerce Banking Co. v. Livings, 608 N.E.2d 1010 (Ind. Ct. App. 1993). . . . . . . . . . 10

Burrell v. Meads, 569 N.E.2d 637 (Ind.1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Webb v. Jarvis, 575 N.E.2d 992 (Ind. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Merrill v. Knauf Fiber Glass GmbH, 771 N.E.2d 1258 (Ind. Ct. App. 2002). . . . . . . . . . . . . . . 11

Smith v. Baxter, 796 N.E.2d 242, 245 (Ind. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Lenhardt Tool & Die Co., Inc. v. Lumpe, 722 NE 2d 824. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Elizabeth Roumbos v. Samuel G. Vazanelli, 45A03-1606-CT-01424 (Ind.Ct.App. 2017). . . . . 12

Durham ex rel. Estate of Wade v. U-Haul International, 745 N.E.2d 755 (Ind. 2001). . . . . . . . . 14

6100.6160039/BGS

**Rules**

Fed.R.Civ.P. 56(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed.R.Civ.P. 56(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Local Rule 56.1(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6100.6160039/BGS

# I.

## SUMMARY OF ARGUMENT

Plaintiff has brought this claim for one count of Negligence, with two separate bases for the claim. Plaintiff makes a premises liability claim and a general claim for negligence. Plaintiff's claim for negligence based on premises liability fails as the danger of falling branches was known and obvious to Mr. Webber. Plaintiff's general claim for negligence fails as it was impossible for Mr. Butner to have accomplished the duty that plaintiff alleges Mr. Butner assumed, therefore Mr. Butner did not breach the duty and did not proximately cause the plaintiff's injuries.

# II.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

### A.   FACTUAL BACKGROUND

This bodily injury lawsuit arises out of an incident that occurred on April 18, 2014 when Plaintiff Johnny Webber was injured while cutting down a tree located on the property of Defendant Roger Butner. (*Complaint, ¶1, attached as Exhibit "A"*). Mr. Webber was acting in his individual capacity as a friend of Mr. Butner and had not been hired by Mr. Butner. *(Exhibit "A", ¶4)*. While Mr. Webber was cutting a tree with a chainsaw, a dead limb broke off and began falling, impacting his body. *(Exhibit "A", ¶5-7)*.

Mr. Webber alleges that he and Mr. Butner had discussed that Mr. Butner would assist by acting as a lookout for any hazards, including without limitation falling branches. *(Exhibit "A", ¶5)*. He alleges that Mr. Butner failed to notice and failed to warn Mr. Webber of the imminent falling limb. (Exhibit "A", ¶6).

6

6100.6160039/BGS

Plaintiff has brought this claim for one court of Negligence, which includes two bases for the claim. Plaintiff makes a premises liability claim by alleging that "Defendant Roger Butner, as owner of the property where the trees being felled and having undertaken to assist John Webber in felling numerous trees on Mr. Butner's property, had a duty to take all reasonable steps under the circumstances to protect the safety of his co-venturer, John Webber." (Exhibit "A", ¶ 49). Plaintiff makes a general claim for negligence based on "Mr. Butner assumed and voluntarily accepted a specific duty to Mr. Webber when he agreed through specific discussions with Mr. Webber that he would assist by acting as a lookout for any hazards, including without limitation falling branches, and to warn Mr. Webber of any hazards so that Mr. Webber could focus on cutting the trunks of the trees." *(Exhibit "A", ¶ 10)*.

Mr. Webber alleges that Mr. Butner breached his assumed duty "when he failed to maintain an adequate and reasonable lookout, to warn Mr. Webber that a branch had broken off and posed and imminent and potentially life threatening danger, and to otherwise act in a manner that was reasonable under the circumstances." *(Exhibit "A", ¶ 11)*.

Plaintiff Debora Webber brings a derivative claim for loss of consortium, love, care. companionship, and affection of her husband, Johnny Webber. *(Exhibit "A", ¶ 13)*.

## III.

### STANDARD APPLIED TO MOTION FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, the court should grant summary judgment if and only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. On a motion for summary judgment, the moving party must first come forward and identify those portions of the pleadings, depositions,

6100.6160039/BGS

answers to interrogatories, and admissions on file, together with affidavits, if any, which the

party believes demonstrate the absence of a genuine issue of material fact. Fed.R.Civ.P. 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Local Rule 56.1 requires parties moving for summary judgment to include a "statement of

material facts not in dispute" that includes citations to the relevant record materials. Where the

moving party has met the threshold burden of supporting the motion, the opposing party must

"set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Not

all factual disagreements are material. Factual disagreements that are irrelevant or immaterial

under the applicable substantive law do not preclude summary judgment. *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Under Local Rule 56.1, the party opposing summary judgment must in its brief identify

specific and material factual disputes in a section labeled "Statement of Material Facts in

Dispute." In making this showing, the party opposing the motion may not rely merely on

assertions in pleadings to establish a genuine issue, but must come forward with evidence that

would be admissible at trial. *Collier v. Budd Co.*, 66 F.3d 886, 892 & n. 8 (7th Cir.1995). Where

an opposing party fails to make this showing, the court must assume that the moving party's

stated facts exist without controversy if they are supported by admissible evidence. Local Rule

56.1(e).

In reviewing the parties' submissions, the court must consider the evidence in the light

reasonably most favorable to the non-moving party. However, the existence of some

"metaphysical doubt" does not create a genuine issue of fact. The issue is whether a rational trier

of fact could reasonably find for the party opposing the motion with respect to the particular

6100.6160039/BGS

issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court

need not scour the record in search of a genuine issue of fact but may rely on the parties' citations

to the evidence they contend supports their positions. *E.g., Richards v. Combined Ins. Co. of Am.*,

55 F.3d 247, 251 (7th Cir.1995). The court should neither "look the other way" to ignore genuine

issues of material fact, nor "strain to find" material factual issues where there are none. *Mechnig*

*v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1363-64 (7th Cir.1988).

Summary judgment is appropriate when the designated evidence demonstrates that there

is no genuine issue of material fact and that the moving party is entitled to judgment as a matter

of law.  Ind. R. Trial P. 56(C).  The purpose of summary judgment is to terminate litigation about

which there can be no material factual dispute and which can be resolved as a matter of law.

*Zawistoski v. Gene B. Glick Co., Inc.*, 727 N.E.2d 790, 792 (Ind. Ct. App. 2000).

To prevail on a motion for summary judgment in a premises liability case, the defendant

must demonstrate that the undisputed material facts negate at least one element of the plaintiff's

claim. *See Ward v. First Indiana Plaza Joint Venture*, 725 N.E.2d 134, 135-36 (Ind. Ct. App.

2000).  "Once the moving party has met this burden with a prima facie showing, the burden shifts

to the nonmoving party to establish that a genuine issue does in fact exist."  Id. at 136.  "[I]t is

sufficient for summary judgment to establish on undisputed facts either that: (1) the non-movant

will be unsuccessful as a matter of law or (2) the non-movant will be unable at trial to establish

an essential fact on which the non-movant carries the burden of proof."  *Lenhardt Tool & Die*

*Co. Inc. v. Lumpe*, 722 N.E.2d 824, 826-27 (Ind. 2000) (Boehm, J., dissenting from denial of

transfer).

In premises liability actions, negligence will not be inferred; rather, specific factual

9

6100.6160039/BGS

evidence or reasonable inferences that might be drawn therefrom on each element must be

designated to the trial court. *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541-42 (Ind. Ct. App.

1993). "An inference is not reasonable when it rests on no more than speculation or conjecture."

*Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993).

## IV.

## ARGUMENT

### A.   PLAINTIFF CANNOT ESTABLISH A CLAIM FOR PREMISES LIABILITY AS A MATTER OF LAW

The elements of premises liability are well established: A landowner owes to an invitee or

social guest "a duty to exercise reasonable care for his protection while he is on the landowner's

premises." *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind.1991). To articulate the contours of this

duty, we have adopted the Restatement (Second) of Torts § 343 (1965):

A possessor of land is subject to liability for physical harm caused to his invitees by a

condition on the land if, but only if, he:

(a)   knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b)   should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c)   fails to exercise reasonable care to protect them against the danger.

*Burrell*, 569 N.E.2d at 639-40.

To sustain an action for negligence, plaintiff must establish:

(1)   a duty owed by the defendant to conform its conduct to a standard of care arising from its relationship with the plaintiffs; (2) a breach of that duty;  and (3) an injury proximately caused by the breach of that duty.

*Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991).  Plaintiff's cause of action for premises liability

6100.6160039/BGS

fails the second and third of these three prongs as a matter of law.

Defendant does not dispute that under current Indiana law, Roger Butner qualify as a "landowner" and plaintiff qualifies as an "invitee" for purposes of premises liability analysis. As such, defendant owed plaintiff a duty to exercise reasonable care for his protection while on the defendants' premises. *See Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). However, the existence of the duty is only part of the inquiry; next, it becomes plaintiff's burden to produce evidence demonstrating a breach of that duty.

To determine whether a defendant has breached its duty to an invitee, Indiana looks to the Restatement (Second) of Torts § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a)      knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b)      should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c)      fails to exercise reasonable care to protect them against the danger.

*Id.* at 639-40. Section 343A of the Restatement, which is read in conjunction with Section 343, provides: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Restatement (Second) of Torts § 343A*; *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, at 1265 (Ind. Ct. App. 2002).

Plaintiff's claim for premises liability fails as the danger of falling branches was known and obvious to Mr. Webber. Mr. Webber testified that he was aware that cutting down trees of

6100.6160039/BGS

this size was dangerous and that branches could fall sometimes because they're dead. (*Deposition of Johnny Webber, p.71, ll.17 through p.72, l.1, attached as Exhibit "B"*).

The comparative knowledge of a possessor of land and an invitee regarding known or obvious dangers may properly be taken into consideration in determining whether the possessor breached the duty of reasonable care under Sections 343 and 343A. *Smith v. Baxter*, 796 N.E.2d 242, 245 (Ind. 2003). Mr. Webber was experienced with cutting down trees and had cut trees for most of his life, though the tree at issue was about the biggest that he had ever cut down. (*Exhibit "B", p.30, ll.13-17*). Mr. Webber was not wearing any safety equipment at the time. (*Exhibit "B", p.39, ll.15-17*). Mr. Webber never wore safety equipment when cutting trees, other than safety glasses a time or two. (*Exhibit "B", p. 64, ll.10-21*). Mr. Butner did not have knowledge of any danger that Mr. Webber did not possess.

In light of the foregoing, defendant has established that plaintiff  "will be unable at trial to establish an essential fact on which the non-movant carries the burden of proof." *Lenhardt Tool & Die Co., Inc. v. Lumpe*, 722 NE 2d 824, at 826-27.  As plaintiff cannot overcome the requirement that plaintiff not be aware of the open and obvious danger in order to recover, namely that plaintiff was aware that cutting down trees of this size was dangerous and that branches could fall sometimes because they're dead, plaintiff does not even get to the other two prongs of the test in order to prevail against Mr. Butner. As such, Mr. Butner is entitled to judgment as a matter of law regarding plaintiff's premises liability claim.

Defendant acknowledges the recent Indiana Court of Appeals holding in Elizabeth Roumbos v. Samuel G. Vazanelli, 45A03-1606-CT-01424 (Ind.Ct.App. 2017). A Petition for Rehearing is currently pending in the case and, pending the outcome of the petition for rehearing,

6100.6160039/BGS

a petition to transfer to the Indiana Supreme Court is likely. The <u>Roumbos</u> court found that defendant is required to "designate evidence that demonstrated that the [land owner] could not have reasonably anticipated that, despite actual prior knowledge of the dangerous condition..., an invitee might forget about the condition and later be injured by it." Mr. Webber testified that he was aware that cutting down trees of this size was dangerous and that branches could fall sometimes because they're dead. (*Exhibit "B", p. 72, ll.17 through p. 73, l.1*). Based on the testimony, Mr. Webber had not forgotten about the condition of the trees.

## B.   PLAINTIFF CANNOT ESTABLISH A CLAIM FOR COMMON LAW NEGLIGENCE AS A MATTER OF LAW

To sustain an action for negligence, plaintiff must establish:

(1)   a duty owed by the defendant to conform its conduct to a standard of care arising from its relationship with the plaintiffs; (2) a breach of that duty;  and (3) an injury proximately caused by the breach of that duty.

*Webb*, at 995.  Plaintiff's cause of action for negligence fails the second and third of these three prongs as a matter of law.

Assuming Mr. Butner owed a duty to the plaintiff or assumed a duty to the plaintiff, plaintiff's claim for negligence fails as Mr. Butner did not breach the duty or proximately cause plaintiff's injuries as it was not possible for Mr. Butner to have warned Mr. Webber that a branch had broken off and posed an imminent and potentially life threatening danger.

The tree being cut was approximately 40-50 feet tall. (*Exhibit "B"* p.41, ll.8-9). The branch that struck Mr. Webber would have taken between 1.4 and 1.7 seconds to free fall to the ground. (*Affidavit of Farheen Khan, Ph.D., ¶5, attached as Exhibit "C"*). Even if Mr. Butner were looking up at the tree, in the best case scenario if he was looking at the location of the

13

6100.6160039/BGS

specific branch as it began falling, it would take Mr. Butner a minimum of 0.25 seconds to detect the falling branch. Once detected, Mr. Butner would have to identify the stimulus (i.e., a falling branch), determine its location of fall (determine whether it was falling on him or Mr. Webber), decide how to respond (determine what needed to be done), and initiate the chosen response (shout out a warning, step out of the way, or push Mr. Webber away), which would increase the total perception response time. Even if Mr. Butner was looking toward the tree, he would not have had sufficient time to prevent the incident from occurring in the 1.7 seconds window between the branch falling and striking Mr. Webber, assuming the branch was falling from a height of 45 feet.

## C.   DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEBORA WEBBER AS PLAINTIFF BRINGS ONLY A DERIVATIVE CLAIM TO THOSE OF JOHNNY WEBBER

Plaintiff Debora Webber brings only a loss of consortium claim against the defendant. (*Exhibit "A", ¶13*). The loss of consortium claim is a claim derivative of the injured spouse's personal injury claim. If the spouse's cause of action for personal injury fails, the loss of consortium claim falls with it. *Durham ex rel. Estate of Wade v. U-Haul International*, 745 N.E.2d 755 (Ind. 2001).

If defendant is entitled to summary judgment on the claims brought by Johnny Webber, plaintiff Debora Webber's claim for loss of consortium must be dismissed as well.

6100.6160039/BGS

# V.

## CONCLUSION

Plaintiff cannot establish as a matter of law that Mr. Butner breached his duty to the plaintiff.  Because plaintiff cannot carry his burden of proof to establish that Mr. Butner beached a duty to Plaintiff, Mr. Butner is entitled to judgment as a matter of law on these facts, and respectfully requests this Court to enter summary judgment in his favor.

THRELKELD ❖ STEVENSON

By:     s/Benjamin G. Stevenson
        Benjamin G. Stevenson
        Attorney No. 24415-53
        Bstevenson@threlkeld-legal.com
        Attorney for Defendant Roger Butner
        THRELKELD ❖ STEVENSON
        50 South Meridian St., Ste 400
        Indianapolis, Indiana 46204
        Phone: 317.655.5200
        Fax:    317-655-3150

15

6100.6160039/BGS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed electronically on May 11, 2017. Notice of this filing will be sent to the following party or parties by operation of the Court's electronic filing system:

Eric S. Pavlack
Colin E. Flora
PAVLACK LAW, LLC
Attorney for Plaintiffs
Eric@PavlackLawFirm.com
Colin@PavlackLawFirm.com

s/Benjamin G. Stevenson
Benjamin G. Stevenson

THRELKELD ❖ STEVENSON
50 South Meridian Street, Ste 400
Indianapolis, Indiana 46204
Phone:  317.655.5200
Fax: 317-655-3150

16