**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHNNY WEBBER and DEBORA WEBBER, | CASE NO. 1:16-cv-01169-TWP-DML |
| Plaintiffs, | District Judge Hon. Tanya Walton Pratt |
| vs. | Magistrate Judge Hon. Debra McVicker Lynch |
| ROGER BUTNER, | |
| Defendants. | |

**PLAINTIFFS' MOTION TO STRIKE
AFFIDAVIT OF AFFIDAVIT OF FARHEEN S. KHAN, Pʜ.D.**

Pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure, Plaintiffs, by counsel, respectfully request that the Court strike the Affidavit of Farheen S. Khan, Ph.D., [ECF 34-3], and in support state:

1.      Butner has designated the Affidavit of Farheen S. Khan, Ph.D. in support of his Motion for Summary Judgment, [ECF 32 & 33].

2.      Khan's Affidavit is offered as expert testimony. [ECF 34-3 at ¶ 3].

3.      In order for Khan's Affidavit to be admissible at summary judgment, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fᴇᴅ. R. Cɪᴠ. P. 56(c)(4).

4.      In order for expert testimony to be admissible, it must meet the requirements of Rule 702 of the Federal Rules of Evidence. At the summary judgment stage, an affidavit that attempts to proffer expert testimony but fails the rigors of Rule 702 is to be struck under Rule 56(c)(4). *See, e.g.*, *B. F. v. Buckle, Inc.*, No. 3:13-cv-00222-RLY-WGH, 2015 U.S. Dist. LEXIS 160510, at

*3–4, 2015 WL 7758529 (S.D. Ind. Dec. 1, 2015) (Young, C.J.); *Thermapure, Inc. v. RxHeat, LLC*, 35 F. Supp. 3d 968, 980–84 (N.D. Ill. 2014).

5.      As explained in Plaintiffs' Response to Defendant's Motion for Summary Judgment and Brief in Support of Motion to Strike Affidavit of Farheen S. Khan, Ph.D., on its face the Khan Affidavit is insufficient to carry its Rule 702 obligations. And, even when viewed through the testimony in Khan's deposition and the expert report that was an exhibit to her deposition but was not offered by Butner at summary judgment, her opinion is based on clear misunderstanding of the facts of the case and lack a clear methodology that can be subjected to scientific scrutiny.

6.      Because the affidavit fails to meet the requirements of an admissible affidavit, it should be struck from the record.

WHEREFORE, Plaintiffs respectfully request the Court strike the Affidavit of Farheen S. Khan, Ph.D., [ECF 34-3], and for all other just and proper relief.


Respectfully Submitted,

*/s/ Colin E. Flora*
Eric S. Pavlack
Colin E. Flora
PAVLACK LAW, LLC
255 N. Alabama St., Ste. 301
Indianapolis, IN 46204
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court's ECF system.

Notice of this filing will be sent automatically by operation of the Court's system to all counsel

of record.

/s/ *Colin E. Flora*
Colin E. Flora