IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA

PATRICIA A. JUDGE and JOHN F. KULIESH, wife and husband,

        Plaintiffs,

vs.

Case No: 2014 CA 001771 NC

TAMIAMI MEMORIAL POST NO. 8118, VETERANS OF FOREIGN WARS OF THE UNITED STATES, INCORPORATED, A Florida Non Profit Corporation,

        Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PROPOSED EXPERT, FARHEEN S. KHAN, PH.D.

**THIS** CAUSE came on before the Court upon the Plaintiff's Motion to Strike Defendant's Proposed Expert, FARHEEN S. KHAN, PH.D. (hereinafter "Motion to Strike"), heard before the Court on Friday, January 27, 2017. The Court, after reviewing the filings by the parties, hearing the argument of counsel, considering the evidence introduced at the hearing, and otherwise being duly advised in the premises, hereby makes the following **findings**:

1. Defendant has retained Farheen S. Khan, Ph.D., a "human factors" expert, and proffers that Dr. Khan would attempt to testify to what the Court considers to be six (6) different opinions at the trial in this matter.

2. Dr. Khan was deposed by Plaintiff's counsel on January 13, 2017. Dr. Khan's deposition testimony was filed and made a part of the record in this matter. The Defendant presented the testimony of Dr. Khan at the "*Daubert*" hearing which occurred before this Court on Friday, January, 27, 2017. Further, the Court considered Dr. Khan's January 26, 2017 Affidavit and all of the studies attached thereto, upon which she claimed to rely.

3. Dr. Khan's proposed opinions are as follows:

   a. Ms. Judge's age and footwear were a contributing cause to Ms. Judge's trip and fall;

   b. As the door opened, Ms. Judge had the "availability to see the area of the incident and make adjustments to her gait;"

   c. The ramp immediately outside of the door was noticeable and available to be seen, and as such, she should have adjusted her gait, given that she was wearing high heels;

   d. The cause of Ms. Judge's trip and fall was Ms. Judge's inattention to her path of travel;

   e. That there was nothing unreasonably dangerous about the area in which Ms. Judge tripped and fell; and

   f. That Ms. Judge should have seen the ramp at issue at either or both of the instances wherein she has visited the VFW in the past.

4. Florida Statute § 90.702 applies and reads as follows:

"If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:

1. The testimony is based upon sufficient facts or data;
2. The testimony is the product of reliable principles and methods; and
3. The witness has applied the principles and methods reliably to the facts of the case."

Fla. Stat. § 90.702; see also Fla. Stat. § 90.105; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Florida Statute § 90.702 codifies the standard for the admissibility of expert witness testimony in Florida courts as set forth in *Daubert* and its progeny, including *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137 (1999). A key component of the "*Daubert* standard" is an examination of the methodology behind an expert's opinion. This will help determine whether the expert testimony is the result of the application of reliable principles and methods to reliable facts and data. Florida Statute § 90.702, or the "*Daubert*" test applies to *all* expert opinion testimony. *Perez v. Bell South Telecommunications, Inc.*, 138 So.3d 492, 497

(Fla. 3d DCA 2014). Expert opinion testimony that qualifies as "pure opinion" testimony is expressly prohibited. *Id.*

5. Turning to Dr. Khan's testimony, the court finds that Dr. Khan's **first opinion**, that "Ms. Judge's age and footwear were a contributing cause to Ms. Judge's trip and fall" is sufficiently supported by reliable data and facts, principles and methods and the application of such principles and methods to those data and facts. Dr. Khan identified facts, data, and her methodology of applying scientifically reliable principles, as set forth in the studies on which she relied, to such information to yield her results. Dr. Khan, therefore, will be permitted to testify that her first opinion is that "Ms. Judge's age and footwear were a contributing cause to Ms. Judge's trip and fall." Accordingly, Plaintiff's Motion to Strike her testimony as to opinion #1 is **DENIED**.

6. Likewise, the Court finds that the facts, data, and methodology as testified to by Dr. Khan, as set forth in the studies on which she relied, are sufficient to permit Dr. Khan to testify to her **second opinion** that "as the door opened, Ms. Judge had the availability to see the area of the incident and make adjustments to her gait." However, Dr. Khan is not permitted to say that Mrs. Judge should have seen the area of the incident.

7. Similarly, inasmuch as Dr. Khan's **third opinion,** "the ramp immediately outside of the door was noticeable and available to be seen, and as such, she should have adjusted her gait, given that she was wearing high heels" is similar to her second opinion, Dr. Khan will be able to testify that the "ramp immediately outside the door was noticeable and available to be seen." The remainder of Dr. Khan's **third opinion**, that "[Mrs. Judge] *should* have adjusted her gait, given that she was wearing high heels," is not supported by reliable facts, principles or methods and qualifies as "pure opinion" testimony. The Court finds that Dr. Khan's testimony as

to the support and methodology behind this opinion is insufficient to meet the requirements of Florida Statute § 90.702 and the "*Daubert*" test.

8. Dr. Khan's **fourth opinion**, that "the cause of Ms. Judge's trip and fall was Ms. Judge's inattention to her path of travel" is not sufficiently supported by reliable facts or data, science or principles, or methodologies as required by Florida Statute § 90.702 and the "*Daubert*" test. Dr. Khan was not able to demonstrate that any part of her fourth opinion was anything other than "pure opinion" testimony. Moreover, this opinion, in this Court's opinion begins to invade the province of the jury as the finder of fact. Therefore, Plaintiff's Motion to Strike this opinion is GRANTED.

9. Dr. Khan's **fifth opinion**, that "there was nothing unreasonably dangerous about the area in which Ms. Judge tripped and fell" is admittedly based on information which was exclusively told to her by employees of the Defendant. Dr. Khan extrapolated that because there allegedly were no previous falls on the ramp at issue (based on what was told to her by Defendant's employees), given the hundreds and potentially thousands of patrons and visitors to the VFW in question, that the area was not unreasonably dangerous. Again, this opinion qualifies as impermissible "pure opinion" testimony and encroaches on matters which are exclusively within the province of the jury in this matter. Therefore, Plaintiff's Motion to Strike this opinion is GRANTED.

10. The Court finds that Dr. Khan's **sixth opinion**, what the Court refers to as Dr. Khan's only "sub-opinion", that the ramp and exit-way in question *could* have been seen by Mrs. Judge during her previous visits to the VFW as it *could* have come within her area of vision during those previous visits is sufficiently supported by data or facts, principles or methods, and application of such principles or methods to the data or facts. This opinion, however, shall be limited to what *could* have been seen by Mrs. Judge, in terms of the exit-way and ramp coming

into her area of vision on previous occasions, and not what Mrs. Judge *should* have seen. Any testimony about what Mrs. Judge *should* have seen impermissibly invades the province of the jury and is impermissible "pure opinion" testimony.

Thereupon, the Court hereby **ORDERS** and **ADJUDGES** that Plaintiff's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART** as follows:

11. Plaintiff's Motion to Strike is **DENIED** as to Dr. Khan's **first opinion**;

12. Plaintiff's Motion to Strike Dr. Khan's Second Opinion is DENIED;

13. Plaintiff's Motion to Strike is **DENIED IN PART**, and **GRANTED IN PART**, as to Dr. Khan's **third opinion** with the limitations as set forth above in paragraph 7;

14. Plaintiff's Motion to Strike is **GRANTED** as to Dr. Khan's **fourth opinion**;

15. Plaintiff's Motion to Strike is **GRANTED** as to Dr. Khan's **fifth opinion;**

16. Plaintiff's Motion to Strike is **GRANTED IN PART**, and **DENIED IN PART** as to Dr. Khan's **sixth opinion** with the limitations as set forth above in paragraph 10.

**DONE AND ORDERED** in Sarasota, Sarasota County, Florida, this ___ day of _____, 2016.

ORIGINAL SIGNED

JAN 3 0 2017

CIRCUIT COURT JUDGE  LON AREND / CIRCUIT JUDGE

COPIES FURNISHED TO:
David A. Finley, Esq.
Damian B. Mallard, Esq.
Barbara H. Gormley, Esq.