**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHNNY WEBBER, and<br>DEBORA WEBBER,<br><br>                Plaintiffs,<br><br>          v.<br><br>ROGER BUTNER,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)   No. 1:16-cv-01169-TWP-DML<br>)<br>)<br>)<br>)<br>) |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a final pretrial conference on January 3, 2018, held at the Indianapolis Courthouse. Plaintiffs Johnny Webber and Debora Webber (the "Webbers") appeared by counsel Eric S. Pavlack and Colin E. Flora. Defendant Roger Butner ("Butner") appeared by counsel Benjamin G. Stevenson and W. Brent Threlkeld. David Moxley was the Court Reporter. During this final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16.

1.      The three-day jury trial of this matter is congested off the Court's calendar on Monday, January 29, 2018, and has been rescheduled to commence on **Tuesday, July 24, 2018, at 9:00 a.m.** as the first choice, and **Monday, October 15, 2018, at 9:00 a.m.** as the second choice. The trial will be held in the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344. Doors to the courtroom will be unlocked at **7:30 a.m.** Counsel must report no later than **8:00 a.m.** The jury is scheduled to arrive at **8:30 a.m.**, and panel selection will begin at **9:00 a.m.**

2.      The claims to be tried are Mr. Webber's claim for negligence and Mrs. Webber's derivative claim for loss of consortium.

3.      The Court reviewed the parties' witness lists to determine who will testify and the subjects of their testimony.

      a.      The Webbers presented a list of five named witnesses and discussed the expected testimony of the potential witnesses (Filing No. 55). Butner had no objections to the Webbers' witnesses.

      b.      Butner presented a list of seven named witnesses and discussed the expected testimony of the potential witnesses (Filing No. 52). The Webbers had no objections to Butner's witnesses.

      c.      To avoid calling non-party witnesses twice, the Court will allow the parties to conduct direct and cross-examinations the first time a non-party witness is called. The Court discourages the parties from calling cumulative witnesses and presenting cumulative testimony.

4.      The Court reviewed the parties' exhibit lists and made the following rulings:

      a.      The Webbers' Exhibit List (Filing No. 56) designated approximately one hundred sixty-seven exhibits. Butner did not file any written objections to the Webbers' exhibits. The Webbers requested permission to submit their medical records evidence in a separate exhibit binder, which the Court will allow.

      b.      Butner's Exhibit List (Filing No. 51) designated fifty-eight exhibits. The Webbers did not file any written objections to Butner's exhibits.

      c.      The parties filed a Stipulated Exhibit List (Filing No. 64), designating certain exhibits as authentic and other exhibits as admissible. The parties are to confer and discuss whether they can agree on the admissibility or authenticity of any additional exhibits to avoid calling witnesses solely for foundational purposes.

d.      The parties are to provide **three (3) copies** of their exhibit binders to the Courtroom Deputy Clerk by **Friday, July 20, 2018**, at 12:00 p.m. The parties also should submit to the Courtroom Deputy Clerk a copy of their exhibits on a CD.

5.      The Court discussed jury instructions and the joint issue instruction:

a.      The Court will use its own preliminary jury instructions, which will be sent to counsel on **Wednesday, July 18, 2018**. Counsel will have until **12:00 p.m. on Friday, July 20, 2018**, to file any objections with the Court.

b.      The parties filed joint proposed jury instructions and a joint issue instruction (Filing No. 65-3; Filing No. 65-1). Butner objected to the inclusion of the phrase ", prior to the day of the incident, a mutual friend of Mr. Webber and Mr. Butner named David Moore, who is a professional logger, told Mr. Butner" in the joint issue instruction. The parties argued their positions regarding the inclusion of the phrase, and the Court sustained Butner's objection. Therefore, the Court will give the joint issue instruction docketed at Filing No. 65-1 without the phrase ", prior to the day of the incident, a mutual friend of Mr. Webber and Mr. Butner named David Moore, who is a professional logger, told Mr. Butner."

c.      The Court will settle final jury instructions and verdict forms on the last day of trial after the close of evidence.

6.      The Court discussed *voir dire*, the jury, and opening statements:

a.      Jury selection will commence on **Tuesday, July 24, 2018, at 9:00 a.m.** Counsel may obtain a copy of the responses to juror questionnaires in person at the Indianapolis Courthouse from the Courtroom Deputy Clerk on **Friday, July 20, 2018, at**

**12:00 p.m**. The questionnaires must be returned to the Courtroom Deputy Clerk once a jury is seated and sworn.

      b.     A panel of twenty-three (23) prospective jurors will be called, and a jury of seven (7) and no alternates will be empaneled. The Court will examine the panel with its standard *voir dire* questions and may incorporate questions submitted by counsel, after which counsel for the parties will have up to fifteen (15) minutes per side for any follow-up questions. Challenges for cause will be made at the bench. After challenges for cause are resolved, the parties will each have three (3) peremptory challenges, which shall be exercised simultaneously and in writing. There will be no backstriking.

      c.     The Court informed the parties that, during the trial, it will allow jurors to submit written questions for witnesses to the Court, following the procedures endorsed by the Seventh Circuit Bar Association.

      d.     Each side will have twenty (20) minutes for opening statements. The amount of time allotted for closing arguments will be determined at the close of evidence.

      e.     **Before Wednesday, July 18, 2018, at 12:00 p.m.**, counsel shall advise and share with one another any demonstrative exhibits they intend to use. Any objections to demonstrative exhibits must be filed by **12:00 p.m. on Friday, July 20, 2018**, so that any objections may be resolved before the opening statements.

7.     Butner orally moved for separation of witnesses, to which the Webbers did not object. The Court **GRANTED** the oral motion. The parties are to instruct their witnesses to report to Room #346. The parties also are to instruct their witnesses to not discuss their testimony either before or after it is given.

8.    The Court discussed the parties' efforts to reach a settlement in this matter. The parties represented that a formal settlement conference with the Magistrate Judge is not necessary. The parties are directed to promptly notify the Court if a settlement agreement is reached.

9.    The parties orally notified the Court of their intent to use the Court's VEPS system during trial. If counsel needs training on the VEPS system, they are instructed to schedule training with the Courtroom Deputy Clerk.

10.    The Court informed the parties that it will grant Butner's Motion in *Limine* (Filing No. 53) under separate Order.

11.    The Court notes that the parties filed Stipulations of Fact at Filing No. 57.

12.    The Webbers filed a notice of intent to take the video deposition of Riley J. Snook, M.D. on January 19, 2018, and then play the video deposition in its entirety at trial (Filing No. 58). The Court directed the parties to file any objections to the video deposition by **Wednesday, January 24, 2018**.

13.    Counsel should review Judge Pratt's "Courtroom Procedures and Trial Practice" (Filing No. 15) before the start of the trial.

**SO ORDERED.**


Date: 1/3/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com

Benjamin G Stevenson
THRELKELD & ASSOCIATES
bstevenson@threlkeld-legal.com

W. Brent Threlkeld
THRELKELD & ASSOCIATES
brent@threlkeld-legal.com