UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHNNY WEBBER, and )
DEBORA WEBBER, )
                                    )
          Plaintiffs, )
                                    )
v. ) No. 1:16-cv-01169-JRS-DLP
                                    )
ROGER BUTNER, )
                                    )
          Defendant. )

**ORDER**

Plaintiff Johnny Webber was seriously injured while cutting down a tree on Defendant Roger Butner's property. Johnny and his wife Debora filed this suit in state court, and Defendant Butner subsequently removed it to this court, invoking the Court's diversity jurisdiction. (ECF No. 1.) Following the initial pretrial conference in June 2016, the deadline for non-expert witness discovery and discovery relating to liability was set for March 11, 2017, and the deadline for expert witness discovery and discovery relating to damages was set for September 11, 2017. (ECF No. 10, ECF No. 11.) In July 2018, the case was tried to a jury who apportioned 51% of fault to Plaintiffs—barring them from recovery under the applicable Indiana tort law. (ECF No. 90.) Judgment was entered for Defendant. Plaintiffs appealed, challenging the admission of evidence that Johnny Webber was not wearing a hardhat and the instruction to the jury about that evidence. The Seventh Circuit held that the

admission of this evidence was an error, as was the instruction about considering the evidence, and remanded the case for a new trial. (ECF No. 106.)

Following remand, this Court ordered the parties to file position statements. (ECF No. 111.) Plaintiffs want the Court to proceed to jury trial (ECF No. 112 at 4), whereas Defendant wants the Court to reopen discovery and set a new expert deadline for potential expert testimony regarding the use of a hardhat. (ECF No. 113.) Now before the Court is, in effect, Defendant's motion to reopen expert discovery. (ECF No. 118.) Plaintiffs respond that discovery should not be reopened because it is impossible for an expert to testify that Mr. Webber's nonuse of a hardhat caused the branch to fall, and because there is no showing of excusable neglect for why the discovery was not completed within the discovery deadline. (ECF No. 119.) For the reasons below, the motion is **denied**.

The decision whether to grant a motion to reopen discovery rests within the district court's sound discretion. *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007). Motions to reopen discovery following remand are governed by Rule 16(b) of the Federal Rules of Civil Procedure. *Schagene v. Spencer*, No. 13cv333-WQH(RBB), 2018 WL 1210682, at *3 (S.D. Cal. Mar. 8, 2018). Rule 16(b) provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The Rule 16 good-cause standard focuses on the "reasonable diligence" of the moving party. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007).

But a higher standard applies in cases where a motion is filed after discovery has closed. *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005). Thus,

2

under Federal Rule of Civil Procedure 6(b), a party seeking to reopen discovery must show "excusable neglect" for failing to complete discovery within the time allotted. Fed. R. Civ. P. 6(b)(1)(B). Additionally, remands are not typically intended to allow a party to fill in gaps from the original record. *Millenkamp v. Davisco Foods Int'l, Inc.*, No. CV03-439-S-EJL, 2009 WL 3430180, at *3 (D. Idaho Oct. 22, 2009).

An important factor in deciding whether discovery should be reopened is "whether the moving party was diligent in obtaining discovery within the guidelines established by the court." *Reyblatt v. Nuclear Regulatory Comm'n*, No. 86 C 385, 1991 WL 140920, at *2 (N.D. Ill. July 22, 1991). Courts are to consider the following factors in determining whether to amend a Rule 16 scheduling order to reopen discovery:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). Consideration of these factors leads the Court to the conclusion that the motion to reopen discovery should be denied.

Trial is scheduled for March 3, 2020. Because reopening discovery would likely delay the trial date, this factor weighs in favor of denying the motion. Plaintiffs opposed the request to reopen discovery, which also weighs in favor of denying the motion.

Turning to prejudice, a delay in the proceedings, especially the trial date, can constitute prejudice to the non-moving party. *Lockheed Martin Corp. v. Network Sols.,*

*Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). The same is true for reopening discovery when it requires additional costs and alterations in trial tactics and strategy. *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016); *see also Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 484 (7th Cir. 2019) (noting that allowing a "last-minute defense that introduces . . . new factual and legal issues after discovery has closed raises the costs of litigation"). Since this case's inception over three and one-half years ago, Plaintiffs have expended considerable resources of time and money. For example, they deposed Butner's human factors expert witness, Farheen S. Khan, Ph.D., who gave opinions on Mr. Webber's nonuse of a hardhat. (Khan Dep. 149–54, ECF No. 39-7.) Plaintiffs incurred expenses related to Dr. Khan's deposition, including $1,420 for her time and $1,050 for a court reporter. (Pls.' Overview of Pertinent Legal Authority 10, ECF No. 115.) Reopening discovery would only further delay the retrial of this case and raise the costs of litigation. Thus, this factor weighs in favor of denying Mr. Butner's motion.

Further, Butner was not diligent in obtaining discovery on Mr. Webber's nonuse of a hardhat before the first trial. Butner knew of his need for information on the nonuse of a hardhat before the September 11, 2017 deadline for expert witness discovery. In her expert report disclosed to Plaintiffs on March 8, 2017, Dr. Khan stated that "[t]he use of personal protective equipment could have protected Mr. Webber and likely prevented injury on the day of the incident." (Khan Report 1, ECF No. 30-1.) And at her May 19, 2017 deposition, Dr. Khan specifically addressed Mr. Webber's nonuse of hardhat. (Khan Dep. 149, ECF No. 39-7.) When asked whether she was

4

unqualified to give opinions about the kind of injuries one could suffer from a particular force, and how the use or nonuse of a hard hat could cause injuries to be different, Dr. Khan acknowledged that she was unqualified. (*Id.*) She testified that it would depend on things such as, how the branch fell, how big it was, what mass it carried, and the direction of the fall; and she agreed that one would have to have information about velocity and the amount of force with which the branch hit Webber's head. (Khan Dep. 148–52, ECF No. 39-7.)

Defendant took the position that he was not using Dr. Khan's opinion regarding hardhats, but acknowledged the nonuse of a hardhat issue as a potential defense. (Khan Dep. 153–54 ("We're not using Miss Khan's testimony regarding the hard hat at trial. . . . We are not concerned with her opinions on whether a hard hat could or could not have prevented the injuries. . . . We are not using her opinion regarding hard hats. I'm not saying we're not using that as a defense, but we are not using Miss Khan's opinions regarding the hard hat."), ECF No. 39-7.) At the time of Khan's May 19, 2017 deposition, Defendant still had the opportunity to obtain evidence from a qualified expert about the nonuse of a hard hat before the September 11, 2017, close of expert discovery. Defendant has identified no reason why he could not have retained an expert on the nonuse of a hardhat prior to the deadline for expert discovery and before the first trial. Instead, he offered no evidence at trial that the use of a hardhat would have affected Webber's injuries. It seems that Defendant wants to revisit the decision not to present such evidence. He has given no good reason to allow that change in strategy now—post-trial and on remand. Moreover, Butner

5

should have and could have foreseen the need for expert discovery on Mr. Webber's nonuse of a hardhat long before the Seventh Circuit's remand. Khan's deposition suggests such an awareness. Thus, these two factors weigh in favor of denying Butner's motion to reopen discovery.

And finally, further discovery would not likely lead to relevant evidence. Because this case is in federal court under diversity jurisdiction, *see* 28 U.S.C. § 1332, the Court applies Indiana substantive law, which governs whether evidence of Mr. Webber's nonuse of a hardhat is relevant. As the Seventh Circuit's decision explains:

> In determining fault, Indiana law bars admission of evidence that an injured plaintiff was not using safety equipment unless the failure to use the equipment contributed to causing the injury. See Ind. Code §§ 34-51-2-7(b)(1) & 34-51-2-3; *Green v. Ford Motor Co.*, 942 N.E.2d 791, 795–96 (Ind. 2011). The fact that Webber was not wearing a hardhat did not cause the branch to fall and hit him on the head. The district court nevertheless admitted this evidence for the purpose of apportioning fault. The admission of this evidence was an error. . . .

*Webber v. Butner*, 923 F.3d 479, 481 (7th Cir. 2019). The Court further explained that Indiana's "Comparative Fault Act requires a causal connection between evidence of fault and the injury-causing event." *Id.* 484. The Seventh Circuit wrote that "[t]he fact that Webber was not wearing a hardhat did not cause the tree branch to fall and hit him," finding it reversible error to admit evidence that Mr. Webber was not wearing a hardhat. *Id.* at 485. In determining fault, Indiana law bars admission of evidence that an injured plaintiff was not using safety equipment unless the failure to use the equipment contributed to causing the injury. *See* Ind. Code §§ 34-51-2-7(b)(1) & 34-51-2-3; *Green*, 942 N.E.2d at 795-96. In this case, "there was no causal relationship between Webber's lack of a hardhat before the injury and the injury-causing

6

event or the injuries themselves," *Webber*, 923 F.3d at 485, and therefore the Seventh Circuit concluded that Indiana law provided no basis for admitting evidence of Mr. Webber's nonuse of a hard hat, *id.* Because reopening discovery would not lead to admissible evidence, this factor weighs in favor of denying Mr. Butner's motion.[1]

Consideration of the relevant factors leads to the conclusion that Defendant's motion to reopen expert discovery should be denied. Besides, Butner asks this Court to reopen discovery to obtain an expert report based on the discovery already conducted. However, Butner fails to acknowledge that reopening expert discovery is more than just "obtaining an expert report." Butner has not identified an expert who can give an opinion on whether Mr. Webber's injuries would have been different had he used a hardhat, and Dr. Khan cannot.

For these reasons, Defendant's motion to reopen expert discovery is **denied**. The only discovery allowed is the discovery authorized under the Court's Entry for August 19, 2019.

---

[1] Even if Indiana law provided a basis for admission of the evidence of the nonuse of a hardhat, Defendant would still need expert evidence that such use would have made a difference to the nature and/or extent of Mr. Webber's injuries. Defendant has none at this time and had none before the close of expert discovery. Defendant took the position at trial that he did not intend to present expert testimony that wearing a hard hat would have made any difference in regard to Mr. Webber's injuries. To reiterate, Defendant has given no good reason why he could not have obtained, before the deadline for expert witness discovery, evidence that Mr. Webber's injuries may have been different had he been wearing a hard hat. Nor has Defendant offered any reason why he was unable to obtain such evidence before trial. Neither good cause nor excusable neglect has been demonstrated.

7

**SO ORDERED.**

Date: 11/21/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com

Eric S. Pavlack
PAVLACK LAW, LLC
eric@pavlacklawfirm.com

Benjamin G Stevenson
THRELKELD & ASSOCIATES
bstevenson@threlkeld-legal.com

W. Brent Threlkeld
THRELKELD & ASSOCIATES
brent@threlkeld-legal.com